BRADLEY E. SCHWAN, Bar No. 246457
bschwan@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

BRITTANY L. McCARTHY, Bar No. 285947
blmccarthy@littler.com
WARSAME Y. HASSAN, Bar No. 330018
wyhassan@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendant
HOMEGOODS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCHANAN IRISH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOMEGOODS, INC., a Delaware Corporation, and MARGARET SEELBINDER, an individual,<br><br>Defendants. | Case No. _____<br><br>[Riverside Superior Court Case No. CVRI2105458]<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint filed: December 1, 2021 |

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

1

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant HOMEGOODS, INC. ("Defendant"), hereby removes the state action described herein, filed in the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Riverside, and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. section 1446(d). Defendants make the following allegations in support of their Notice of Removal:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of Riverside. Therefore, venue lies in the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 84(c)(1), 1441(a), and 1446(a).

## III. PLEADINGS, PROCESS, AND ORDERS

3. On December 1, 2021 Plaintiff BUCHANAN IRISH ("Plaintiff") filed a complaint in the Superior Court for the County of Riverside entitled *BUCHANAN IRISH, an Individual v. HOMEGOODS, INC. a Delaware Corporation, and MARGARET SEELBINDER, an individual*, Case No. CVRI2105458 (hereafter,

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

2

"Complaint"). Declaration of Brittany McCarthy ("McCarthy Decl."), ¶ 2.

4. The Complaint alleges the following causes of action: (1) Violation of the Fair Employment and Housing Act; and (2) Wrongful Termination in Violation of Public Policy. The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5. On December 2, 2021, Defendant HomeGoods, Inc. was served the Complaint through HomeGoods registered agent for service of process, CT Corporation. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the Riverside County Superior Court, and Proof of Service through CT Corporation System. McCarthy Decl., ¶ 2.

6. Attached hereto as **Exhibit B** are the remaining documents either served with the complaint or as reflected and downloaded from the Riverside County Superior Court website, including the along with copies of the Summons, a Civil Case Cover Sheet, Certificate of Counsel, ADR Information, and Notice of Department Assignment, Notice of Case Management Conference, and Proofs of Service. McCarthy Decl., ¶ 3.

7. On January 3, 2022, Defendant filed an Answer in the Riverside County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Answer. McCarthy Decl., ¶ 4.

8. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Riverside County Superior Court or served by any party other than as described above. To Defendant's knowledge, no proceedings related hereto have been heard in Riverside County Superior Court. McCarthy Decl., ¶ 5.

## IV. TIMELINESS OF REMOVAL

9. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b);

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

3

*Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

10. Removal of this action is timely because this Notice of Removal has been filed within thirty days of December 2, 2021, when Defendants were served with the Summons and Complaint. See 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c). Because Plaintiff personally served the Summons and Complaint upon Defendants' agent for service of process on December 2, 2021, the thirty-day period for removal runs through January 3, 2022, by operation of Federal Rule of Civil Procedure, Rule 6 (extending time to "the next day that is not a Saturday, Sunday, or legal holiday"). As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendants and reflected on the San Diego Superior Court's website. (See Exhibits A-C.)

## V. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

11. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a). Pursuant to 28 U.S.C. section 1441(a) and (b), the State Court Action may be removed to this Court by Defendants because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A. Diversity of Citizenship

12. <u>Plaintiff is a Citizen of Texas</u>. Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 529 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

///

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441, AND 1446

4

13. Plaintiff resides in the State of Texas. *See* Ex. A, Complaint at ¶ 1. Therefore, Plaintiff is a citizen of Texas.

14. <u>Defendant Seelbinder is a Citizen of California</u>. Named defendant Margaret Seelbinder is an individual who resides in the state of California. *See* Ex. A, Complaint at ¶ 4. Therefore, Defendant Seelbinder is a citizen of California.

15. <u>Defendant HomeGoods is a Citizen of Delaware and Massachusetts</u>. For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'never center' will typically be found at the corporation's headquarters." *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

16. HomeGoods was, at the time of the filing of this action, and still is, a corporation organized under the laws of the State of Delaware with its principal place of business of Framingham, Massachusetts. Accordingly, HomeGoods is a citizen of Delaware and Massachusetts.

17. No other party has been named or served as of the date of this removal. Because none of the Defendants is a citizen of the State of California, there is complete diversity among the parties.

    **B.**    **The Amount In Controversy Is Satisfied**

18. The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Where a complaint does not seek a specific monetary amount in damages,

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441, AND 1446

5

Defendants only need to show by a preponderance of the evidence (that it is more probably than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 298, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

19. In measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what is actually owed if a plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

20. Here, as set more fully below, the Court can reasonably ascertain from the Complaint and Plaintiff's Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

///

---

[1] The alleged damages calculations contained herein are based upon the allegations in the Complaint, and are for purposes of removal only. Defendant expressly denies that Plaintiff is entitled to any relief whatsoever. Defendant expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441, AND 1446

6

21. In his Complaint, Plaintiff seeks economic damages in the form of loss of earnings and other employment. (Complaint, ¶¶ 28, 36, 46, 52, 61, 66 Prayer for Relief, ¶¶ 1-2.) Plaintiff also seeks recovery of other general and special damages for, *inter alia,* "medical expenses," and "other economic damages," (Complaint, ¶¶ 28, 36, 46, 52, 61, 66, Prayer for Relief, ¶¶ 1-2.) as well as "humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish." (Complaint, ¶¶ 29, 37, 47, 53, 62, 67, Prayer for Relief, ¶¶ 1-2.)

22. Plaintiff was employed between November 2018 and July, 2020. *See* Ex. A, Complaint at ¶ 8. At the time his employment concluded in 2020, Plaintiff was compensated at an hourly rate of $13.20/hour, and worked an average of 20 hours per week. *See* Ex. A, Complaint at ¶¶ 8, 10. Accordingly, Plaintiff averaged compensation of $264.00/week ($13.20 x 20 hrs =$264.00).

23. Although Defendants deny that Plaintiff is entitled to recover any damages, assuming, *arguendo*, that Plaintiff was awarded back wages for approximately 130 weeks (from July of 2020 through the likely date of trial at least one year from the date of filing this notice of removal), the amount of back pay in controversy in this case would total at least approximately **$34,320.00** ($334.80 x 130 weeks).

24. However, Plaintiff also seeks recovery of general and special damages for "humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish." (Complaint, ¶¶ 29, 37, 47, 53, 62, 67, Prayer for Relief, ¶¶ 1-2.) These claims further augment his claim for past and future lost wages. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million,

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

7

and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial" and moreover, that emotional distress damages "may be considered when calculating the amount in controversy even where not clearly pled in the complaint").

25. Here, based on the allegations in Plaintiff's complaint, the Court can reasonably ascertain that the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more. Specifically, in *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to his claim" where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980; *see also Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

26. Jury verdicts in cases involving analogous facts (i.e. race discrimination based on derogatory statements and retaliation for raising internal complaints) demonstrate that $25,000 is likely a conservative estimate for the emotional distress component of Plaintiff's amount in controversy. For example, in *Kimberly Williams v. Union Pacific Railroad Company*, RG06251955, 2009 Jury Verdicts LEXIS 418175, the plaintiff alleged race discrimination and retaliation for filing an internal complaint. The Superior Court of Alameda County jury awarded $70,000 in emotional distress damages. In *Randall Radford v. BAE Systems San Francisco Ship Repair, Inc., et al.*, No. CGC 09 488061 (Jan. 10, 2011), the plaintiff brought causes of action for race discrimination and wrongful termination on the basis that his supervisor referred to an employee as "Aunt Jemima" and "fat black girl" and that he was retaliated against for

2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION PURSUANT
TO 28 U.S.C. §§ 1332, 1441, AND 1446

8

raising complaints about these incidents. The Superior Court of San Francisco jury awarded $360,000 in emotional distress damages and $60,000 in lost earnings. In *Chiu v. CGI-AMS (US), LLC*, 2006 WL 1687705 (Cal. Super. Ct. Feb. 27, 2006), the jury awarded $360,000 in emotional distress damages where plaintiff alleged that she was wrongfully terminated because of her race for complaining about non-payment of wages.

27. Accordingly, using a conservative estimate, Plaintiff's alleged emotional distress damages contributes at least **$25,000.00** to the amount in controversy.

28. Plaintiff also seeks punitive damages. (Complaint, ¶¶ 30, 38, 48, 54, Prayer for Relief, ¶ 3.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons*, 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334.

///

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

9

29. Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, such claim alone could exceed the jurisdictional minimum. Jury verdicts in cases involving analogous facts demonstrate that Plaintiff's punitive damages claim alone could likely exceed the jurisdictional minimum. For example, in *Randall Radford v. BAE Systems San Francisco Ship Repair, Inc., supra*, the jury awarded $420,000 in punitive damages. In Idris v. Advanced-Tech Security Services, 2012 WL 696485 (Cal. Super. Jan. 20, 2012), the San Francisco jury awarded $400,000 in punitive damages where plaintiff alleged that his supervisor said he looked "too black" and that defendant initially refused to pay him his vacation pay because of his complaints.

30. Here, assuming Plaintiff were to recover punitive damages in an amount equal to his alleged compensatory damages, Plaintiff would recover at least **$59,320.00** the approximate equivalent of his alleged economic damages($34,320 lost wages and $25,000 emotional distress) for the alleged punitive damages.

31. Finally, Plaintiff seeks recovery for attorneys' fees and costs. (Complaint ¶¶ 31, 39, 49, 55, Prayer for Relief, ¶ 5.) It is well settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady*, 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Even just considering Plaintiff's FEHA claims, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov't Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons*, 209 F. Supp. 2d at 1034.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

10

32. Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 609-14 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice, 26 Cal. 4th 572* (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

33. Conservatively estimating attorneys' fees at the rate of $400/hour, and using a conservative estimate of 150 hours, this add at least an additional **$60,000.00** to the amount in controversy.

34. Plaintiff also seeks such open-ended relief "[f]or such other and further relief the Court deems just and proper." (Complaint, Prayer for Relief ¶ 6.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

35. In sum, although Defendants do not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

///

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

11

| Back Pay | $34,320.00 |
|---|---|
| Emotional Distress | $25,000.00 |
| Punitive Damages | $59,320.00 |
| Attorneys' Fees | $60,000.00 |
| **Amount in Controversy** | **$178,640.00** |

Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**VI.   NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT**

36.   Following the filing of this Notice of Removal in the United States District Court for the Central District of California, Eastern Division, written notice of such filing will be provided to Plaintiff's counsel of record John H. Barkley, Esq., Barkley Law Group, Inc., 4275 Executive Square, Suite 200, La Jolla, CA  92037-1476. McCarthy Decl. ¶ 6. A copy of this Notice of Removal will also be filed with the Clerk of the Superior Court of the County of Riverside. (*Id.*)

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Superior Court of the County of Riverside to this Court.

Dated:   January 3, 2022

LITTLER MENDELSON, P.C.

*/s/ Brittany L. McCarthy*
Bradley E. Schwan
Brittany L. McCarthy

Attorneys for Defendant
HOMEGOODS, INC.

4891-4132-5064.1 / 053070-1323

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

12